FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 4 2006

GREGORY C. LANGHAM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-M-2535 (CBS)

PALMER HIGH SCHOOL GAY/STRAIGHT ALLIANCE,
    an unincorporated voluntary association;
SARA THOMAS by next friend Jon Thomas;
MAX OLKOWSKI-LAETZ by next friend Dorothea Olkowski;
MEREDITH BELL by next friend Fawn Bell;
ELIZABETH RODGERS by next friend Susie Rodgers;
DEAN BLACK, by next friend Janice Black;
HANNAH PURROY, by next friend Jill Lowenstein; and
JAIME CATCHEN-DUNNE, by next friend Ruth Catchen-Dunne,

        Plaintiffs,

    -against-

COLORADO SPRINGS SCHOOL DISTRICT NO. 11,
    a body corporate and political subdivision of the State of Colorado; and
PALMER HIGH SCHOOL, a public secondary school,

        Defendants.

---

## CONSENT DECREE

### I.    RECITALS

1.    Plaintiffs and Defendants ("the Parties") are parties to the above-captioned civil action.

2.    Plaintiffs filed their Complaint on December 12, 2003, seeking declaratory and injunctive relief against, and damages from, Defendants. Plaintiff's first claim for relief alleges that Defendants deprived Plaintiffs' rights under the federal Equal Access Act, 20 U.S.C. § 4071 *et seq.*, and under 42 U.S.C. § 1983, by failing to provide certain opportunities to Plaintiff GSA

#159740 v2

that GSA alleges were provided to other noncurriculum related student groups.  The second claim for relief alleges that Defendants deprived Plaintiffs of their rights to freedom of speech and association under the First and Fourteenth Amendments of the United States Constitution by denying them the right to associate and express their views.  U.S. Const. amend. I and XIV, and again under 42 U.S.C. § 1983.  Plaintiff's third claim for relief alleges denial of equal protection under the Equal Protection Clause of the Fourteenth Amendment, U.S. Const. amend. XIV and 42 U.S.C. § 1983 by reason of Defendants' discriminating against them on prohibited bases.  Defendants filed an answer denying Plaintiffs' claims and also filed a counterclaim seeking a declaratory judgment that they are not in violation of the Equal Access Act or any provision of the U.S. Constitution.

3.      On February 17, 2004, Plaintiffs moved for a preliminary injunction under the Equal Access Act requiring Defendants to extend official recognition to Plaintiff Gay/Straight Alliance ("GSA") pending the determination of their action.  On January 11, 2005, and February 2, 2004, the Court received evidence and heard oral argument on the Motion for Preliminary Injunction.  On March 30, 2005, the Court issued its "Findings, Conclusions and Order Denying Motion for Preliminary Injunction."

4.      The Parties have reached an amicable resolution of their differences and, on January 4, 2006, entered into, and finalized, a Settlement Agreement.  On November 14, 2005, the Colorado Springs District 11 Board of Education, the governmental body having statutory authority to govern Defendants, in open meeting, voted 6-1 to enter into and accept the Settlement Agreement.  The Settlement Agreement provided that the Parties would submit the Settlement Agreement to the Court for entry as a Consent Decree ("Decree").

- 2 -

#159740 v2

5.      The Parties jointly submit this proposed Decree, agree to the power of this Court to enter a Decree enforceable against the Defendants, and agree to the jurisdiction of this Court over the Parties and the subject matter of this action.

6.      This Decree is final and binding upon the Parties as to the issues resolved, as well as upon their successors and assigns.  Defendant District 11 expressly states its agreement to be bound by the terms of the Settlement Agreement and Decree until January 4, 2010, regardless of any change in composition of the Board of Education.

Plaintiffs and Defendants join in requesting the Court to rule and adjudge as follows:

***THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:***

## II.      JURISDICTION

7.      Jurisdiction of this action lies in this Court pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 2201, and 2202.  Additionally, the Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action.

8.      The duration of this Decree shall be four (4) years from the date of execution of the Settlement Agreement:  January 4, 2006 to January 4, 2010.

## III.     ISSUES RESOLVED

9.      This Decree resolves all claims arising out of the issues and claims set forth in Civil Action No. 03-M-2535 (RPM) (CBS).

10.     Defendants and their officers, agents, employees, successors and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall reasonably cooperate in the implementation of this Decree.

#159740 v2

## IV.   MONETARY SETTLEMENT

11.     Defendants have paid $90,000.00 (Ninety Thousand Dollars) to Plaintiffs, the

agreed-to amount in the Settlement Agreement, in partial compensation of Plaintiffs' costs and

legal fees.  Defendants have also delivered to Plaintiffs a check payable to the Gay/Straight

Alliance ("GSA") for $10.00 (Ten Dollars).

## V.   EQUITABLE SETTLEMENT

12.     The terms of this Decree shall apply to Defendants during the term of the Decree.

13.     Defendants will not at any time during the term of this Decree deny to the GSA

any privileges or benefits that are then available to any other student group at Palmer High

School, including privileges and benefits conveying the ability to communicate with members

and potential members of the GSA, on the basis of the GSA's relation or non-relation to the

curriculum or on any other basis on which they could not lawfully deny the same privileges and

benefits to other student groups.

14.     Nothing in this Decree shall limit the authority of Defendants, or their agents or

employees, to maintain order and discipline on school premises, to protect the well-being of

students or faculty, or to assure that attendance of students at meetings is voluntary, as provided

in 20 U.S.C. § 4071(f); provided, however, that Defendants shall not rely on the authority

described in this paragraph to take any action in violation of paragraph 15 above without prior

approval of the Court or the written consent of the GSA as expressed through its counsel.  Prior

approval of the GSA or the Court shall not be required, however, if the limitations or withdrawal

of privileges apply equally to all student groups.  Moreover, prior approval of the Court or the

GSA is not required if emergency circumstances make it impracticable to obtain the Court's

#159740 v2

prior approval in sufficient time to deal with the emergency circumstances.  In any case in which

the Defendants rely on the authority described in Section 4071(f) to take action in violation of

paragraph 15, Defendants shall provide notice to the GSA and counsel for Plaintiffs at the

earliest, reasonably possible opportunity.

### VI.    RETENTION OF JURISDICTION

15.    This Court shall retain jurisdiction of this cause for purposes of compliance with

this Decree and entry of such further orders or modifications as may be necessary or appropriate

to effectuate its provisions.

### VII.    NO ADMISSION OF LIABILITY

16.    The parties intend that this Consent Decree will not constitute, nor shall it be

construed as, an admission of any liability or wrongdoing by any party.

### VIII.   ENFORCEMENT

17.    There is no private right of action to enforce Defendants' obligations under the

Decree and only the Plaintiffs and Defendants, or their successors or assigns, may enforce

compliance herewith.  Enforcement may be had by the Plaintiffs or Defendants petitioning the

Court for enforcement of the terms of this Decree.

#159740 v2

## IX.    DISMISSAL OF CLAIMS

18.    Plaintiffs' claims and Defendants' Counterclaim are DISMISSED with prejudice, except that the Court retains jurisdiction to enforce the terms of this Decree.

SO ORDERED, THIS *29* day of *March* 2006.

_____
HON. RICHARD P. MATSCH.

- 6 -

By the signatures of their counsel below, the parties to this action agree to, and request the entry

of, this Consent Decree:

Palmer High School
   Gay/Straight Alliance
Sara Thomas
Max Olkowski-Laetz
Meredith Bell
Elizabeth Rodgers
Dean Black
Hannah Purroy
Jaime Catchen-Dunne

_(signature)_

Alfred T. McDonnell
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: (303) 863-1000
Facsimile: (303) 832-0428

Colorado Springs School District 11 and
Palmer High School

_(signature)_

Brent E. Rychener, Esq.
Eric Bentley, Esq.
Stuart J. Lark, Esq.
Holme Roberts & Owen LLP
90 South Cascade, Suite 1300
Colorado Springs, CO 80903
Telephone: (719) 473-3800
Facsimile: (719) 633-1518

#159740 v2